SASM
X7304

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Docket No.  **24mj0180-BLM** |
| Plaintiff, | ) | |
| | ) | <u>COMPLAINT FOR VIOLATION OF:</u> |
| v. | ) | Title 8, U.S.C. § 1324(a)(1)(A)(ii) |
| | ) | Transportation of Illegal Aliens |
| | ) | |
| | ) | Title 8, U.S.C. § 1326 Deported Alien |
| Celia AVINA-Ruiz, | ) | Found In The United States |
| Eduardo VIDAL-Maceda, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

The undersigned complainant being, duly sworn, states:

### Count One

On or about January 21, 2024, within the Southern District of California, defendant, Celia AVINA-Ruiz, with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Santos Manuel CASTRO-Urias, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

Count Two

On or about January 21, 2024, within the Southern District of California, defendant, Eduardo VIDAL-Maceda, an alien, who previously had been excluded, deported and removed from the United States, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Jesse Bojorquez
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1,  ON JANUARY 22, 2024.

_____
HON. BARBAR L. MAJOR
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
 Celia AVINA-Ruiz,
 Eduardo VIDAL-Maceda,


### PROBABLE CAUSE STATEMENT

The complainant states that Santos Manuel Castro-Urias, is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and he is material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On January 21, 2024, Border Patrol Agent J. Stebbins was conducting his assigned duties with his canine partner in the Brown Field Border Patrol Station's area of responsibility. Agent Stebbins was wearing his full rough duty uniform with badge and insignia fully visible and operating in his assigned canine vehicle.

At approximately 4:00 PM, Border Patrol Agent T. Creteau was operating a mobile detection scope and advised Agent Stebbins of that he observed two individuals run from the brush on Proctor Valley Road and enter a gold-colored sport utility vehicle. Agent Creteau then advised that the vehicle was heading eastbound toward State Route 94 (SR94) and that it did not have a front license plate. At approximately 4:10 PM, Agent Stebbins observed a gold-colored Chevrolet Tahoe with no front license plate heading toward SR94. Agent Stebbins could see a female driver as well as the silhouettes of at least two other individuals sitting in the vehicle. At approximately 4:17 PM, Agent Stebbins conducted a vehicle stop of the Chevrolet Tahoe, which yielded at the intersection of SR94 and Fair Acres Lane. This area is approximately 1.6 miles east of the Otay Mesa, California Port of Entry and approximately 12 miles north of the international border between the United States and Mexico.

Agent Stebbins approached the driver's side door of the Tahoe and identified himself to the driver, later identified as, defendant, Celia AVINA-Ruiz, as a United States Border Patrol Agent. Agent Stebbins asked AVINA who the other individuals in her vehicle were. AVINA then stated, "I'm not going to lie, someone asked me to come pick these people up." Agent Stebbins then asked AVINA if she picked them up emerging from the brush on a dirt road, to which AVINA admitted to doing so. Agent Stebbins instructed AVINA to exit the vehicle for her detainment. AVINA then requested to not be placed in handcuffs in front of her five-year-old son, who was sitting in the back row of the Tahoe unrestrained by a safety belt. Agent Stebbins then conducted an immigration inspection of the other two individuals, later identified as defendant, Eduardo VIDAL-Maceda, and material witness, Santos Manuel CASTRO-Urias, sitting in the front passenger seat and the middle row behind the driver's seat. CASTRO and VIDAL admitted to being citizens of Mexico without any documents allowing them to enter or

**CONTINUATION OF COMPLAINT:**
**Celia AVINA-Ruiz,**
**Eduardo VIDAL-Maceda,**

remain in the United States legally.  At approximately 4:20 PM, Agent Stebbins placed AVINA, CASTRO, and VIDAL under arrest.

Defendant, Celia AVINA-Ruiz, was read her Miranda Rights and agreed to speak and answer questions without an attorney present. AVINA admitted that she has successfully smuggled illegal aliens into the interior of the United States on over 80 different occasions between approximately September 2023 and today's date. AVINA also stated that she is usually paid about $1,000 U.S. Dollars per illegal alien smuggled. AVINA stated that she usually brings one of her children with her when she smuggles illegal aliens. AVINA also stated that on multiple occasions she transported illegal aliens from the border area directly to their family members in various locations throughout California. AVINA stated that she would collect smuggled aliens and foot guides from the border area, drop the foot guide off at her apartment, and transport the smuggled aliens further into the interior of the United States.

AVINA stated once she arrives at the smuggled aliens' final destination, she collects full payment for the smuggled alien. If the family members of the smuggled alien do not pay the total smuggling fee, she would bring the smuggled individual back south to San Diego to her apartment where she would await further instruction. AVINA stated that when family members do pay the whole smuggling fee, she would transport the money back to her apartment in San Diego, where she would retrieve the foot guide and receive her payment before bringing the foot guide and remaining money back to the Otay Mesa or San Ysidro Port of Entry.

AVINA stated that on January 21, 2024, she was contacted by a smuggling coordinator who asked her if she was available to pick up illegal aliens. AVINA stated that she drove to the location that was provided to her which was on Proctor Valley Road in Jamul, California. AVINA stated that once she arrived at the location, she contacted the foot guide, and two individuals jumped into her vehicle. AVINA stated that she was going to be paid $1,000 U.S. Dollars to transport the one illegal alien and foot guide to an undisclosed location in Los Angeles. AVINA stated that when she was getting pulled over by Border Patrol Agents, one of the smuggled aliens was encouraging her to flee from Agents. AVINA stated that she pulled over and did not flee from Agents because she had her child in the car and because she did not want to make the situation worse.

Material witness Santos Manuel CASTRO Urias stated that he is citizen of Mexico without the proper documents allowing him to enter or remain in the United States legally.  CASTRO stated that he made smuggling arrangements prior to crossing into the United States.  CASTRO stated

**CONTINUATION OF COMPLAINT:**
 **Celia AVINA-Ruiz,**
 **Eduardo VIDAL-Maceda,**


he was going to pay a smuggling fee of $850 USD if successfully smuggling into the United States.  CASTRO stated he was guided to the pickup location and once at the location he was contacted by cell phone and was given the description of the load vehicle as a gray Tahoe.  CASTRO stated when the Tahoe arrived, the driver, a woman with colored hair, honked and yelled out for them to move quickly.  CASTRO stated he sat in the middle passenger seats and observed a child in the third row behind him.

Defendant Eduardo VIDAL-Maceda was advised of his Miranda rights.  The defendant stated that he understood his rights and was willing to answer questions without an attorney present.  The defendant stated that he is a citizen of Mexico illegally present in the United States.  The defendant admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.  The defendant stated that he illegally entered the United States on January 19, 2024, with an intended destination of Seattle, Washington.

Routine record checks of the defendant revealed a criminal and immigration history.  The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints.  Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on April 27, 2023, through San Ysidro, California.  These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.